[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 24-10817

Non-Argument Calendar

————————————

PHYSICIAN'S CENTRAL BUSINESS OFFICE & AFFILIATES,
a.k.a. Mark Cereceda, D.C.,
MARIA CRISTINA CRESPO-SMITH, M.D.,
NESTOR JAVECH, M.D.,
ROBERTO MOYA, M.D.,
ROY CANIZARES, D.C. et al.,

Plaintiffs-Appellants,

*versus*

UNDERWRITERS AT LLOYD'S LONDON,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23592-DPG

————————————————

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal arises from a set of lawsuits that GEICO and State Farm brought against Physician's Central Business Office & Affiliates and its various associated medical clinics and medical professionals. GEICO and State Farm accused Physician's Central of engaging in a fraudulent scheme regarding the collection of personal injury protection benefits.[1] Physician's Central had an insurance policy through Underwriters at Lloyd's, which—among other things—required Underwriters to defend and indemnify the insured if lawsuits were filed against it. Citing exceptions to the policy, Underwriters refused to pay fees and costs in the GEICO and State Farm actions, and Physician's Central filed suit. The district court granted Underwriters motion to dismiss for failure to state a claim, ruling that the insurance policy excluded coverage for all plaintiffs through Endorsement No. 13 and for the medical clinics through Exclusion O.6. Physician's Central now appeals. After

---

[1] *See* Fla. Stat. § 627.736 for a description of personal injury protection benefits under Florida law.

24-10817                  Opinion of the Court                  3

carefully considering the record and the parties' arguments, we affirm.[2]

We begin—and end—with Endorsement No. 13. Endorsement No. 13 reads in relevant part:

> The coverage afforded by this policy shall not apply to any **Claim** made against any **Insured**, arising out of, based upon or attributable the following:
>
>> any portion of any **Claim** including defense there-of which alleges in whole or in part
>>
>> a. the performance or alleged performance of any unnecessary medical procedure,
>>
>> . . . .
>>
>> d. any excess or wrongful charging, billing or seeking of reimbursement for any procedure
>>
>> . . . .

Physician's Central admits that both the GEICO and State Farm lawsuits "include claims that meet th[e] description" in Endorsement No. 13. Nevertheless, it argues that the lawsuits also include "claims" outside the scope of the exclusions. And, they assert, "[i]f the complaint alleges facts partially within and partially outside the

---

[2] We review the district court's grant of a motion to dismiss for failure to state a claim de novo. *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009). And we "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 857 (11th Cir. 2023).

coverage of the policy, the insurer is obligated to defend the entire suit." *IDC Const., LLC. v. Admiral Ins. Co.*, 339 F. Supp. 2d 1342, 1349 (S.D. Fla. 2004) (quoting *Grissom v. Commercial Union Ins. Co.*, 610 So. 2d 1299, 1307 (Fla. 1st DCA 1992)).

But Physician's Central misinterprets the meaning of the term "Claim" in the context of the insurance policy. The policy defines the term "Claim" to include "a civil, criminal, administrative, regulatory or arbitration proceeding for monetary, non-monetary or injunctive relief." While this definition may not comport with the common meaning of the term "claim," "[w]here the insurer has defined a term used in the policy in clear, simple, non-technical language . . . judges are [not] empowered to give the defined term a different meaning deemed more . . . desirable to the insured." *Horn v. Liberty Ins. Underwriters, Inc.*, 998 F.3d 1289, 1294 (11th Cir. 2021) (quoting *State Farm Fire & Cas. Ins. Co. v. Deni Assocs. of Fla., Inc.*, 678 So. 2d 397, 401 (Fla. 4th Dist. Ct. App. 1996)) (last three alterations in original).

In fact, this case is remarkably similar to *Horn*. There, we wrote:

> This interpretation—that the "claim" is the entire "civil proceeding"—is quite broad. But the rule requiring us to construe exclusions narrowly does not mean that expansive definitions in insurance policies are impermissible. And although it may be more "desirable to the insured"—or here the class plaintiffs—to read the term "Claim" narrowly in this case, the clear policy language prevents us from doing so.

*Id.* As a result, we explained that "if any of the allegations of the complaint are excluded from coverage, the entire lawsuit is excluded, even if the complaint contains allegations that would otherwise be covered." *Id.* Just so here. As Physician's Central acknowledges, at least some of the allegations in GEICO and State Farm's complaints are excluded from coverage because of Endorsement No. 13. Therefore, per the definition of "Claim" in Physician's Central's policy with Underwriters, both lawsuits are entirely excluded from coverage.[3] Accordingly, we affirm.

**AFFIRMED**.

---

[3] We do not need to decide whether the substantive counts were incorporated by reference into each allegation, the breadth of the phrase "arising out of", or whether Physician's Central's four specified allegations are actually outside the scope of Endorsement No. 13. This is because the definition of the term "Claim" in the insurance policy is dispositive. Discussion concerning Exclusion O.6 is similarly irrelevant.